[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ACTION FOR SUMMARY JUDGMENT
The plaintiff brings this action against the defendant bank alleging that it breached the terms of a restricted endorsement on a check issued by the plaintiff and made payable o the bank and Robert Orchano, Jr. The check was issued in connection with the refinance of an automobile on which the bank had a lien. The endorsement provided:
 By endorsement of this instrument all endorsers acknowledge and warrant to the Credit Union that they have caused a first and only lien to be recorded on the title of a 1986 Make Chevy Mod. Corvette VIN IGIYY0783G5126155, in favor of A.B. NORTH END FEDERAL CREDIT UNION and that the actual full total cash price of said vehicle is $13,200.00. Endorsement is required.
The defendant moves for summary judgment alleging essentially that the rights of the parties are governed by the Uniform Commercial Code, specifically Conn. Gen. Stat. § 42a-3-206(b), which provides:
 An endorsement stating a condition to the right of the endorsee to receive payment does not affect the right of the endorsee to enforce the instrument. A person paying the instrument or taking it for value or collection may disregard the condition, and the rights and liabilities of that person are not affected by whether the condition has been fulfilled.
The plaintiff points out that the provision of the U.C.C., relied upon by the defendant, took effect on October 1, 1991, after CT Page 618 the date of the transaction in this case. However, even if that section had been in effect, or, as argued by the defendant, a codification of the existing law, based upon the briefs and caselaw submitted by the parties, the court does not believe that it serves to entitle the defendant to a summary judgment.
The defendant in this case is a payee of the plaintiff's check and the restrictive endorsement preceded the endorsement required by the bank as payee. The court does not believe that the law set forth in § 42a-3-206(b) applies to this situation, since the defendant bank is a payee rather than an endorsee.
Since the defendant bank's motion for summary judgment depends upon the applicability of § 42a-3-206(b) or at least the existence of that law as codified by P.A. 91-304, the motion is hereby denied.